**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4542

CARL M. WILDES,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4543

HARRY CAMERON,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-94-931)

Argued: May 7, 1997

Decided: July 24, 1997

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by published opinion. Judge Wilkins wrote the opinion, in
which Judge Luttig and Judge Williams joined.

_____

**COUNSEL**

**ARGUED:** Lionel Stukes Lofton, Jr., Charleston, South Carolina, for Appellants. Seth Michael Galanter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant Cameron. Deval L. Patrick, Assistant Attorney General, David K. Flynn, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

On the night of August 21, 1991, Appellants Carl Wildes and Harry Cameron constructed a six-foot tall wooden cross, covered a portion of it with rags, and doused the rags with kerosene. They carried the cross to the home of an African-American family, leaned it against a fence enclosing the front lawn, and ignited it. The flames were extinguished by a local fire department before any property damage occurred. Appellants were subsequently convicted of conspiring against civil rights, see 18 U.S.C.§ 241 (1988), interfering by force or threat of force with the occupation of a dwelling because of race, see 42 U.S.C. § 3631(a) (1988), and using fire to commit a federal felony, see 18 U.S.C. § 844(h)(1) (1988). On appeal, they contend that the district court erroneously failed to dismiss Count III of the indictment that charged them with the use of fire to commit a felony in violation of § 844(h)(1), on the basis that this statute applies only to the predicate felony of arson. We affirm as to all counts.

I.

In relevant part, § 844(h) provides that "[w]hoever--(1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States ... shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for five years." 18 U.S.C. § 844(h)(1) (emphasis added).[1] Appellants contend that,

_____

[1] This section has been amended and currently imposes a mandatory prison term of ten years for a first offense of using fire to commit a fel-

despite the inclusion of the phrase "any felony" in § 844(h)(1), the legislative history indicates that Congress intended this section to apply only when the underlying conduct amounts to arson. Because they were not charged with committing arson, see 18 U.S.C. § 844(i) (1988), Appellants argue that § 844(h)(1) does not criminalize their conduct.[2] Alternatively, Appellants assert that the phrase "any felony" is ambiguous in light of the legislative history and that we must apply the rule of lenity to resolve the ambiguity in their favor. The question of whether conspiring to violate civil rights by burning a cross contravenes § 844(h)(1) has divided the two circuit courts of appeals that have considered it. Compare United States v. Hayward, 6 F.3d 1241, 1246 (7th Cir. 1993) (holding that the plain meaning of § 844(h)(1) applies to the felony of conspiracy against civil rights by cross burning), with United States v. Lee, 935 F.2d 952, 958 (8th Cir. 1991) (refusing to apply § 844(h)(1) to act of cross burning), vacated in part on other grounds en banc, 6 F.3d 1297 (8th Cir. 1993).

II.

In analyzing the scope of a statute, we must first "determine whether the language at issue has a plain and unambiguous meaning." Robinson v. Shell Oil Co., 117 S. Ct. 843, 846 (1997). Our determination of whether a statute is ambiguous is guided "by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Id. If the statutory language is unambiguous and "the statutory scheme is coherent and consistent," our analysis ordinarily terminates, id. (internal quotation marks omitted), and there is no cause to examine the legislative history. See United States v. Gonzales, 117 S. Ct. 1032, 1035 (1997); Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992). "[E]xcept in the `rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters,'" United States v. Ron Pair Enters., Inc., 489 U.S. 235,

_____

only. See 18 U.S.C.A. § 844(h)(1) (West Supp. 1997). The potential sentence for violation of this section is not at issue in this appeal.

**2** Specifically, Count III of the indictment charged Appellants with using fire to aid and abet one another "to commit the offense of Conspiracy Against Rights" in violation of 18 U.S.C.§ 241. J.A. 27.

3

242 (1989) (second alteration in original) (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982)), or the literal application will produce "absurd or futile results," United States v. American Trucking Ass'ns, 310 U.S. 534, 543 (1940), the plain meaning of the statutory text is conclusive.

The meaning of the statutory language "uses fire ... to commit any felony" is clear and unambiguous and we should accord this language its "ordinary, contemporary, common meaning." Walters v. Metropolitan Educ. Enters., Inc., 117 S. Ct. 660, 664 (1997) (internal quotation marks omitted). The word "use" is commonly understood to mean "`[t]o make use of; to convert to one's service; to employ; to avail oneself of; to utilize; to carry out a purpose or action by means of.'" Smith v. United States, 508 U.S. 223, 229 (1993) (alteration in original) (quoting Black's Law Dictionary 1541 (6th ed. 1990)). Unquestionably, setting fire to a wooden cross as a means of intimidation constitutes the use of fire in this ordinary sense. Section 844(h)(1) contains no modifier that limits Appellants' use of fire to those uses that constitute arson--as long as fire is used"to commit any felony," there has been a "use" within the plain meaning of § 844(h)(1). Furthermore, "any" is a term of great breadth. See Black's Law Dictionary 94 (6th ed. 1990) (defining "any" to mean "[s]ome; one out of many; an indefinite number ... [that] is often synonymous with `either', `every', or `all'"). "Read naturally, the word `any' has an expansive meaning, that is, `one or some indiscriminately of whatever kind.'" Gonzales, 117 S. Ct. at 1035 (quoting Webster's Third New Int'l Dictionary 97 (1976)); see also id. (determining that the phrase "any other term of imprisonment" must be read broadly to include both state and federal terms of imprisonment); United States v. Monsanto, 491 U.S. 600, 607 (1989) (finding that language requiring defendant to forfeit "any property" derived from narcotics trafficking "could not have [been] ... broader ...[in] defin[ing] the scope of what was to be forfeited"). Likewise, the term "felony" is an inclusive term meaning essentially an offense of any kind that is punishable by a term of imprisonment for more than one year. See, e.g., 18 U.S.C.A. § 3559(a) (West Supp. 1997). We perceive no basis in the text of § 844(h)(1) for attaching a narrow meaning to the phrase "any felony" or for limiting it to some subset of federal felonies. See Gonzales, 117 S. Ct. at 1035. Indeed, Congress could have limited§ 844(h)(1) as Appellants suggest by simply inserting the word"arson," see United

4

States v. Hayward, 6 F.3d 1241, 1246 (7th Cir. 1993), or by including within the text of § 844(h)(1) the phrase "maliciously damages or destroys property," see 18 U.S.C. § 844(i). Instead, Congress employed broad language that we are not free to disregard.

The structure of the statute as a whole lends further support to our reading of § 844(h)(1). We must "give effect, if possible, to every clause and word of a statute rather than ... emasculate an entire section" of it. United States v. Menasche, 348 U.S. 528, 538-39 (1955) (citations & internal quotation marks omitted). But, were we to accept Appellants' interpretation of § 844(h)(1), we would render § 844(i) superfluous. That subsection specifically punishes arson, penalizing anyone who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate ... commerce." 18 U.S.C. § 844(i). If the application of § 844(h)(1) is limited solely to arson, the proscription against malicious destruction of property in § 844(i) would be unnecessary and duplicative. See Hayward, 6 F.3d at 1247; cf. United States v. Nguyen, 28 F.3d 477, 485 (5th Cir. 1994) (finding that sections 844(h) and 844(i) require proof of different elements and are not multiplicitous); United States v. Karlic, 997 F.2d 564, 570-71 (9th Cir. 1993) (same); United States v. Fiore, 821 F.2d 127, 130-31 (2d Cir. 1987) (same).

Furthermore, we reject Appellants' contention that our reading of § 844(h)(1) runs counter to clearly expressed congressional intent, reflected by the legislative history, that this section apply only to instances where arson has been committed. Appellants point in particular to the Anti-Arson Act of 1982, Pub. L. No. 97-298, 96 Stat. 1319, which Appellants argue amended § 844(h) and § 844(i) for the express purpose of facilitating the prosecution of arson. See H.R. Rep. No. 97-678, at 1 (1982), reprinted in 1982 U.S.C.C.A.N. 2631. Prior to the amendment, § 844(h)(1) criminalized only the use of "an explosive" to commit a felony and § 844(i) punished the malicious destruction of property by means of "an explosive." See H.R. Rep. No. 97-678, at 3, reprinted in 1982 U.S.C.C.A.N. 2631, 2633. The word "fire" was added to alleviate the problems in the prosecution of arson associated with proving property had been destroyed by means of an explosive. See H.R. Rep. No. 97-678, at 1-2, reprinted in 1982 U.S.C.C.A.N. 2631, 2631-32. In order for legislative history to cause

5

us even "to question the strong presumption that Congress expresses its intent through the language it chooses," <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 432 n.12 (1987), it must clearly and unequivocally demonstrate a legislative intent contrary to the language of the statute, <u>see United States v. James</u>, 478 U.S. 597, 606 (1986). Here, nothing in the legislative history remotely suggests an unmistakably contrary legislative intent.

III.

In the alternative, Appellants contend that the language of § 844(h)(1), in light of the legislative history, is ambiguous and thus the rule of lenity should apply to resolve the ambiguity in their favor. They urge us to follow the decision of the Eighth Circuit Court of Appeals in <u>Lee</u> refusing to apply § 844(h)(1) to cross burning. <u>See United States v. Lee</u>, 935 F.2d 952, 958 (8th Cir. 1991). The <u>Lee</u> court examined the Anti-Arson Act of 1982 and concluded that because its legislative history contained "no indication that the amended statute was intended to apply to" cross burning, the court was "left to guess" as to congressional intent. <u>Id.</u> The Eighth Circuit then applied the rule of lenity and reversed the conviction. <u>See id.</u> We believe that <u>Lee</u> is incorrectly decided. Section 844(h)(1) contains clear and unambiguous language that applies to "any felony." Moreover, to consult the legislative history as a method of creating ambiguity instead of resolving it inverts the proper method of statutory interpretation. <u>See Gonzales</u>, 117 S. Ct. at 1034-35; <u>Hayward</u>, 6 F.3d at 1247-48.

Application of the rule of lenity is appropriate only when there remains "a grievous ambiguity" in the language of the statute after a court has used every method of statutory construction to resolve it. <u>Chapman v. United States</u>, 500 U.S. 453, 463 (1991) (internal quotation marks omitted). Such is not the case here.

IV.

We hold that the phrase "any felony" as used in § 844(h)(1) is not limited to offenses involving the commission of arson and therefore includes conspiracy to violate civil rights by burning a cross. Accordingly, the district court properly refused to dismiss Count III of Appellants' indictment.

<u>AFFIRMED</u>

6