**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-7215

JOSEPH OSBORNE KAHOE, III, a/k/a
Joseph Kahoe,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-95-386-A, CA-96-722-AM)

Argued: December 1, 1997

Decided: January 28, 1998

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by published opinion. Judge Wilkins wrote the opinion, in
which Judge Niemeyer and Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Charles Shepherd Cox, Jr., Alexandria, Virginia, for
Appellant. Marcus John Davis, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Vir-
ginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attor-
ney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria,
Virginia, for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Joseph Osborne Kahoe, III appeals a decision of the district court denying his petition for relief pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997) from his conviction of being a felon in possession of a firearm and ammunition. See 18 U.S.C.A. § 922(g)(1) (West Supp. 1997). Kahoe maintains that the district court erred in concluding that his conviction should not be set aside on the basis that the predicate felony for the § 922(g)(1) offense was vacated subsequent to his commission of that offense. We affirm the judgment of the district court.

I.

In March 1994, Kahoe pled guilty in the district court for the District of Columbia to carrying a firearm during and in relation to a drug trafficking offense. See 18 U.S.C.A. § 924(c)(1) (West Supp. 1997). In August 1994, while he was on release pending sentencing, Kahoe was found to be in possession of a firearm and ammunition and subsequently was convicted of violating 18 U.S.C.A. § 922(g)(1), with the March 1994 conviction serving as the disabling predicate felony. Thereafter, a district court in the District of Columbia set aside Kahoe's March 1994 conviction, ruling that § 2255 relief was appropriate in light of the decision of the Supreme Court in Bailey v. United States, 116 S. Ct. 501 (1995) (holding that a firearm must be actively employed to satisfy the "use" prong of § 924(c)(1)). Having obtained relief from the underlying predicate felony, Kahoe next moved the district court for the Eastern District of Virginia for § 2255 relief from his § 922(g)(1) conviction, arguing that the latter conviction could not stand once the underlying predicate conviction had been set aside. The district court denied relief, holding that its decision was controlled by Lewis v. United States, 445 U.S. 55 (1980).

II.

Section 922(g)(1) provides, "It shall be unlawful for any person ... who has been convicted in any court of[ ] a crime punishable by

2

imprisonment for a term exceeding one year ... to .. possess in or affecting commerce[ ] any firearm or ammunition." The term "crime punishable by imprisonment for a term exceeding one year" is defined in 18 U.S.C.A. § 921(a)(20) (West Supp. 1997). In general, § 921(a)(20) defines this term to exclude various offenses relating to business practices and offenses classified by state law as misdemeanors punishable by two years imprisonment or less. Of particular relevance here, § 921(a)(20) also states:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C.A. § 921(a)(20) (emphasis added). Kahoe contends that because the "crime punishable by imprisonment for a term exceeding one year" that provided the disabling predicate offense for his § 922(g)(1) conviction--i.e., his March 1994 conviction--has now been "set aside," it does not qualify as a conviction for purposes of § 922(g)(1), and thus his § 922(g)(1) conviction cannot stand.

In Lewis v. United States, 445 U.S. 55 (1980), the Supreme Court addressed whether a prior state felony conviction supplied the necessary predicate conviction for a violation of 18 U.S.C. app. § 1202(a)(1) (Supp. IV 1969)--proscribing "[a]ny person who ... has been convicted by a court of the United States or of a State ... of a felony" from possessing a firearm--if the predicate offense was subject to collateral attack under Gideon v. Wainwright, 372 U.S. 335 (1963). The Court held that such an offense did supply the predicate conviction. The Court first reasoned that the sweeping and unambiguous language of § 1202(a)(1) prohibited possession of a firearm by any person who had been convicted of a felony. See Lewis, 445 U.S. at 60-61. That the disabling conviction was unconstitutionally obtained did not alter the fact that the defendant had been convicted of a felony at the time he possessed the firearm. See id.

3

Turning from the language of the statute itself, the Court concluded that "[o]ther provisions ... demonstrate[d] and reinforce[d] its" reading of § 1202(a)(1). Id. at 61. Specifically, the Court found persuasive that 18 U.S.C. app. § 1203 (Supp. IV 1969) enumerated certain exceptions to § 1202(a)(1), but did not include an exception for one "whose outstanding felony conviction ultimately might turn out to be invalid for any reason." Id. at 62. Thus, the Court ruled, § 1202(a)(1) stood "in contrast with other federal statutes that explicitly permit a defendant to challenge, by way of defense, the validity or constitutionality of the predicate felony." Id.

The Court also determined that the structure of the Omnibus Crime Control and Safe Streets Act of 1968, which enacted§ 1202, supported its reading of the statute. See id. at 63-64. The Court noted that § 1202--which was a portion of Title VII of the Act--was enacted contemporaneously with § 922(g) and (h)--which were in Title IV of the Act--and explained that these provisions created categories of presumptively dangerous persons who were prohibited from possessing firearms:

> Actually, with regard to the statutory question at issue here, we detect little significant difference between Title IV and Title VII. Each seeks to keep a firearm away from"any person ... who has been convicted" of a felony, although the definition of "felony" differs somewhat in the respective statutes. But to limit the scope of §§ 922(g)(1) and (h)(1) to a validly convicted felon would be at odds with the statutory scheme as a whole. Those sections impose a disability not only on a convicted felon but also on a person under a felony indictment, even if that person subsequently is acquitted of the felony charge. Since the fact of mere indictment is a disabling circumstance, a fortiori the much more significant fact of conviction must deprive the person of a right to a firearm.

Id. at 64.

Having determined that the statute was not ambiguous, the Court held that it was necessary neither to apply the rule of lenity nor to construe the statute in a manner that avoided the question of whether

4

an invalid conviction constitutionally could provide a predicate offense. See id. at 65. And, the Court concluded that use of an invalid conviction did not violate the equal protection guarantee of the Due Process Clause of the Fifth Amendment because there was a rational basis to believe that a felony conviction, even an invalid one, was an adequate basis on which to prohibit firearm possession. See id. at 65-66. Moreover, the Court specifically ruled that the use of an invalid conviction as a disabling predicate for a § 1202(a)(1) conviction was not inconsistent with Loper v. Beto, 405 U.S. 473 (1972); United States v. Tucker, 404 U.S. 443 (1972); and Burgett v. Texas, 389 U.S. 109 (1967), in which the Court held that uncounseled convictions could not be used for impeachment purposes during the trial of a subsequent offense, to enhance a sentence, or to serve as a predicate conviction for a recidivist statute. See Lewis, 445 U.S. at 60, 66-67. The Court reasoned:

> In each of those cases, this Court found that the subsequent conviction or sentence violated the Sixth Amendment because it depended upon the reliability of a past uncounseled conviction. The federal gun laws, however, focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons. Congress' judgment that a convicted felon, even one whose conviction was allegedly uncounseled, is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness is rational.

Id. at 67. In closing, the Court emphasized that "a convicted felon may challenge the validity of a prior conviction, or otherwise remove his disability, before obtaining a firearm." Id.

Kahoe recognizes that the broad reasoning of Lewis, if applicable, is fatal to his position. But, he argues that Lewis is distinguishable because subsequent to that decision, Congress amended § 921(a)(20) in 1986 to include the language stating that a conviction that has been "set aside ... shall not be considered a conviction for purposes of this chapter." Kahoe contends that this amended language, contrary to that at issue in Lewis, evinces congressional intent that a conviction that has been vacated may not serve as a disabling predicate felony to sup-

5

port a § 922(g)(1) conviction. We agree with the district court, however, that the <u>Lewis</u> decision is controlling; nothing in the amendment or the legislative history of the amendment indicates an intent to overrule <u>Lewis</u>.

The plain language of § 921(a)(20) means that a conviction that has been set aside can no longer be disabling.**1** The language does not provide that such a conviction was not disabling between the time it was obtained and the time it was set aside. <u>See United States v. Lee</u>, 72 F.3d 55, 58 (7th Cir. 1995) (rejecting a defendant's argument that <u>Lewis</u> did not survive the amendment to § 921(a)(20) and thus that he could not be convicted under § 922(g)(1) since his prior conviction was expunged after the possession at issue but prior to trial); <u>United States v. Chambers</u>, 922 F.2d 228, 238 (5th Cir. 1991) (stating that even "convictions deemed void <u>ab initio</u> under state law for reasons classified as jurisdictional nevertheless remain convictions for purposes of section 922(g) until set aside"); <u>United States v. Davis</u>, 753 F. Supp. 529, 531 (D. Vt. 1990) (rejecting argument identical to that raised by Kahoe). And, the legislative history of the amendment supports this conclusion. Subsequent to <u>Lewis</u>, the Supreme Court decided <u>Dickerson v. New Banner Institute, Inc.</u>, 460 U.S. 103 (1983), which held that a state court conviction remained a conviction for purposes of § 922(g)(1) even though the possession occurred after the conviction had been removed by the state from the defendant's record. <u>See id.</u> at 110-22; <u>see also Thrall v. Wolfe</u>, 503 F.2d 313 (7th Cir. 1974) (same). The Senate report indicates that § 921(a)(20) was amended in response to <u>Dickerson</u> and <u>Thrall</u>. The report cited <u>Dickerson</u> and <u>Thrall</u> and provided that § 921(a)(20)

> would exclude from such convictions any for which a person has received a pardon, civil rights restoration, or expungement of the record. Existing law incorporates a similar provision with respect to pardons in 18 U.S.C. app. 1202, relating to possession of firearms, but through over-

_____

**1** Of course, § 921(a)(20) leaves open the possibility that such a conviction nevertheless may remain a "crime punishable by imprisonment for a term exceeding one year" if the "pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C.A. § 921(a)(20).

6

sight does not include any conforming provision in 18 U.S.C. 922, dealing with their purchase or receipt. This oversight, which resulted in a ruling that a state pardon does not permit a pardoned citizen to receive or purchase a firearm, despite the express provision in the pardon that he may possess it, would be corrected. In the event that the official granting the pardon, restoration of rights, or expungement of record does not intend that it restore the right to firearm ownership, this provision honors that intent as expressly provided in the order or pardon.

S. Rep. No. 98-583, at 7 (1984) (footnote omitted). By contrast, the Senate report did not cite to Lewis or discuss application of its rule. See id. Neither the amended language of § 921(a)(20) nor the legislative history of the amendment counsels a result contrary to that set forth in Lewis, and we determine that Lewis is controlling.

Even so, one court of appeals has accepted Kahoe's reading of § 921(a)(20). In United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996), the court considered whether a sentencing enhancement imposed under the Armed Career Criminal Act (ACCA) of 1984, 18 U.S.C.A. § 924(e) (West Supp. 1997), was subject to collateral attack after the vacatur of several state convictions that had served as the basis for the enhancement. Section 924(e)(1) provides a mandatory minimum 15-year sentence for one convicted of violating § 922(g) who "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C.A. § 924(e)(1). By referencing § 922(g)(1), § 924(e)(1) incorporates the definition of § 921(a)(20) for a "crime punishable by imprisonment for a term exceeding one year." Accordingly, the meaning of the amended language of § 921(a)(20) with respect to a subsequently vacated conviction was at issue in Pettiford.

Without analysis of or citation to Lewis or the legislative history of the amendment to § 921(a)(20), the Pettiford court rejected the Government's argument that the pertinent language of § 921(a)(20) "indicate[d] that only past offenses vacated prior to the federal proceeding may be discounted by the court," determining that the provision "read equally well if applied to convictions expunged, etc., subsequent to

7

the federal sentencing." Pettiford, 101 F.3d at 201. On this basis, the court concluded that the rule of lenity applied and, thus, that § 921(a)(20) must be read to require that a subsequently vacated conviction is not a "crime punishable by imprisonment for a term exceeding one year." See id.

We cannot accept this reasoning. Assuming that the Pettiford court was correct in concluding that the amended language of § 921(a)(20) is ambiguous because it is as easily read to apply to convictions that are set aside after the commission of the firearm possession as to those that are set aside before it, an application of the rule of lenity nevertheless would be inappropriate.**2** The rule of lenity does not apply unless a "`grievous ambiguity or uncertainty,'" Chapman v. United States, 500 U.S. 453, 463 (1991) (quoting Huddleston v. United States, 415 U.S. 814, 831 (1974)), remains even after we have looked to the language, structure, and legislative history of the statute, see Moskal v. United States, 498 U.S. 103, 108 (1990). See United States v. Wildes, 120 F.3d 468, 471 (4th Cir. 1997) (same), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Oct. 22, 1997) (No. 97-6533); United States v. Mitchell, 39 F.3d 465, 470 (4th Cir. 1994) (same). Here, the legislative history makes plain that the purpose of the amendment to § 921(a)(20) was to overrule Dickerson and Thrall, with the result being that a felony conviction would no longer be a disabling circumstance after the conviction was set aside unless the remaining conditions of the section are met. Furthermore, the structure of the statutory provisions indicates that Congress intended to establish disabling classes of presumptively dangerous individuals not limited to those who are validly convicted. See Lewis, 445 U.S. at 64; see also 18 U.S.C.A. § 922(n) (West Supp. 1997) (prohibiting possession of a firearm by one indicted for a "crime punishable by imprison-

_____

**2** We note that we are not called upon to decide the ultimate question before the court in Pettiford--whether a defendant is entitled to § 2255 relief if a district court relied upon a prior conviction to enhance a federal sentence and subsequently the prior conviction was set aside. We recognize that the Supreme Court left that issue open in Custis v. United States, 511 U.S. 485, 497 (1994). Here, however, as in Lewis, the prior conviction was used to impose a civil firearms disability, not in a way that depended upon the reliability of the prior conviction. See Lewis, 445 U.S. at 67.

8

ment for a term exceeding one year"). Therefore, we disagree with the Pettiford court that the rule of lenity has application in this circumstance.

III.

For the foregoing reasons, we hold that Lewis dictates that the fact that Kahoe's conviction was vacated after he possessed the firearm and ammunition is irrelevant. The portion of § 921(a)(20) providing that a "crime punishable by imprisonment for a term exceeding one year" shall not include "[a]ny conviction which has been ... set aside" means that after a conviction has been set aside it is no longer a disabling circumstance unless the remaining requirements of that section are met. Therefore, because Kahoe's March 1994 conviction was a disabling predicate offense when he possessed the firearm and ammunition, we affirm the denial of § 2255 relief.

AFFIRMED

9