**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4662

ALFRED SMITH,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4663

MARTIN KING,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4794

EUGENE SMITH,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-96-54-1)

Submitted: June 30, 1998

Decided: July 17, 1998

Before WILLIAMS and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

A. James Siemens, Asheville, North Carolina, for Appellant Alfred
Smith; Stephen P. Lindsay, LINDSAY & HENSLEY, Asheville,
North Carolina for Appellant Eugene Smith; George B. Hyler, Jr.,
HYLER, LOPEZ & WALTON, P.A., Asheville, North Carolina, for
Appellant King. Bill Lann Lee, Acting Assistant Attorney General,
Dennis J. Dimsey, Lisa J. Stark, UNITED STATES DEPARTMENT
OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Alfred Smith, Eugene Smith, and Martin King were
convicted of conspiring against civil rights, in violation of 18
U.S.C.A. § 241 (West Supp. 1998); interfering by force or threat of
force with the occupation of a dwelling because of race, in violation
of 42 U.S.C. § 3631(a) (1994); and using fire to commit a federal fel-
ony, in violation of 18 U.S.C. § 844(h)(1) (1994). Appellants appeal
their convictions and sentences. We affirm.

Gordon Cullins, an African-American male, and Hazel Sutton, a
white female, lived together in Sutton's mobile home in a rural area
of Haywood, North Carolina. Appellants, who lived across the street
from Sutton, were unhappy that an interracial couple lived in their
neighborhood. On December 31, 1992, Appellants decided to burn
crosses on Sutton's lawn to frighten the couple so they would move
from the area. That evening, Alfred Smith and King tied rags to
crosses and doused them with kerosene. The Appellants transported

2

the crosses to Sutton's lawn, where they planted and ignited them. Sutton and Cullins, who were not at home at the time, returned to find the crosses smoldering on their front lawn. The Appellants and other individuals were across the street yelling racial slurs and threats, including "nigger lover," "gonna die tonight," and "burn, nigger, burn." Cullins and Sutton stayed at a hotel that night. Afterwards, the Appellants bragged about being involved in the cross burning.

On appeal, Appellants assert that the district court erred in applying 18 U.S.C. § 844(h)(1) to 18 U.S.C. § 241. Appellants claim that given the plain meaning of § 844(h)(1), it is not possible to use fire "to commit" an agreement.

Under § 844(h)(1), "[w]hoever--(1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States . . . shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for five years." See 18 U.S.C. § 844(h)(1).* In United States v. Wildes , 120 F.3d 468 (4th Cir. 1997), cert. denied, ___ U.S. #6D6D 6D#, 66 U.S.L.W. 3491 (U.S. Jan. 26, 1998) (No. 97-6533), we held that § 844(h)(1) contained clear and unambiguous language that applies to "any felony." See Wildes, 120 F.3d at 471. We concluded "the term `felony' is an inclusive term meaning essentially an offense of any kind that is punishable by a term of imprisonment for more than one year." Id. at 470. Thus, "the phrase `any felony' as used in § 844(h)(1) . . . includes conspiracy to violate civil rights by burning a cross." Wildes, 120 F.3d at 471. Therefore, we find that the district court did not err in applying § 844(h)(1) to § 241 in these cases.

For the first time on appeal, Appellants contend that the application of § 844(h)(1) to § 241 impermissibly infringes their First Amendment rights. Because this issue was not presented in the district court, it is not reviewable by this Court absent plain error or fundamental miscarriage of justice. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). We find neither in these appeals.

_____

*This section was recently amended to impose a mandatory prison term of ten years for a first offense of using fire to commit a felony. See 18 U.S.C.A. § 844(h)(1) (West Supp. 1998).

3

Accordingly, we affirm the Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4