**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-5043**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TADARIAN RESHAWN NEAL,

        Defendant - Appellant.

─────────

**No. 09-5044**

─────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TADARIAN RESHAWN NEAL,

        Defendant - Appellant.

─────────

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:09-cr-00017-FDW-DCK-1; 3:04-cr-00073-FDW-1)

─────────

Submitted: December 13, 2011    Decided: December 16, 2011

─────────

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

———————————

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Tadarian Reshawn Neal appeals both the 168-month sentence imposed after his convictions on all counts of a four-count indictment, as well as the twenty-four-month consecutive sentence imposed for his violation of the conditions of supervised release that were imposed on his 2005 federal felon-in-possession conviction. We affirm.

Neal first claims that his conviction under 18 U.S.C. § 922(g)(1) (2006) for possessing a firearm as a convicted felon is invalid because it is based on a 2005 felon-in-possession conviction which is itself infirm under our recent jurisprudence. Our review is de novo. See Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006).

Pertinent to this appeal, § 922(g)(1) prohibits the possession of a firearm by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). At the time of Neal's conviction and sentence, we determined whether a prior conviction was punishable by more than a year's imprisonment by considering "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). After Neal was sentenced, however, Harp was

3

overruled by the en banc decision in Simmons.  See United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011) (en banc).  Simmons held that a prior North Carolina offense was punishable for a term exceeding one year only if the particular defendant before the court had been eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense.  Id. at 247; see also N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth North Carolina's structured sentencing scheme).

Neal now argues that both of the North Carolina convictions that served as the predicates for his 2005 felon-in-possession conviction are not "felonies" under the rationale announced in Simmons.  (J.A. 878-79).  As a result, claims Neal, his 2005 felon-in-possession conviction is invalid.  According to Neal, because his current § 922(g)(1) conviction is predicated on the now infirm 2005 felon-in-possession conviction, his present § 922(g)(1) conviction cannot stand.

Neal is mistaken.  This court squarely rejected this line of argument in United States v. Kahoe, 134 F.3d 1230 (4th Cir. 1998), holding that any subsequently-realized invalidity of a predicate felony conviction is immaterial to a § 922(g)(1) prosecution, as long as the prior conviction was in effect on the date that the defendant possessed the firearm.  Id. at 1235.  In this case, there is no dispute that Neal's 2005 felon-in-

4

possession conviction was both punishable by more than a year and was in effect on August 18, 2008, when he possessed the sawed-off shotgun that is the subject of his current § 922(g)(1) conviction. As a result, his current § 922(g)(1) conviction is proper, notwithstanding the possible effects of Simmons on his previous conviction.

Neal next asserts that, because Simmons suggests that his 2005 felon-in-possession conviction was in error, the district court erred in imposing a prison sentence for his violation of the conditions of supervised release attendant to that offense. But, even assuming that Neal has not waived this strand of argument, it amounts to an attempt to collaterally attack his 2005 felon-in-possession conviction. Of course, "the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding." United States v. Warren, 335 F.3d 76, 78 (2d Cir. 2003) (collecting cases). Consequently, we can only conclude that Neal's present claims, which seek to elude the sentence imposed upon his violation of the conditions of supervised release by vacating the underlying 2005 felon-in-possession conviction, are not properly before this court.

Third, Neal attacks his convictions for obstruction of justice, in violation of 18 U.S.C. § 1503 (2006), and for witness tampering, in violation of 18 U.S.C. § 1512(b)(1) (2006), on the ground that the indictment failed to set forth sufficient factual allegations regarding the nature of the offenses. We agree with the Government that Neal waived these challenges to the indictment by failing to raise them in the district court prior to trial. See Fed. R. Crim. P. 12(e); United States v. Robinson, 627 F.3d 941, 957 (4th Cir. 2010).

Finally, Neal argues that his punishments for both obstruction of justice and witness tampering violate principles of double jeopardy, given that they are predicated on the same underlying conduct. We review questions of double jeopardy de novo. See United States v. Brown, 202 F.3d 691, 703 (4th Cir. 2000). "Where the issue is solely that of multiple punishment, as opposed to multiple prosecutions, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." United States v. Studifin, 240 F.3d 415, 418 (4th Cir. 2001) (internal quotation marks omitted). "The same conduct can support convictions and sentencing under two different federal statutes as long as each statute requires proof of an element that the other does not." United States v. Johnson, 219 F.3d 349, 358 (4th Cir. 2000). Moreover, "[i]f the elements of the two

6

statutes do not necessarily overlap, then multiple punishments are presumed to be authorized absent a clear showing of contrary Congressional intent." Id. at 359 (internal quotation marks omitted).

In this case, each offense of conviction requires proof of an element that the other does not. See United States v. LeMoure, 474 F.3d 37, 44 (1st Cir. 2007). Neal has made no showing defeating the presumptive availability of multiple punishments for these separate offenses. His punishment under both § 1503 and § 1512 for the same underlying course of conduct therefore poses no double jeopardy concerns.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

AFFIRMED

7