**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4398**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JEFFREY TATE DAVIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:11-cr-00227-BO-1)

Submitted:  November 7, 2012     Decided:  November 14, 2012

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Tate Davis seeks to appeal his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2006), and his eighty-seven-month sentence. We affirm.

Davis first challenges the district court's denial of his motion to withdraw his guilty plea. The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "[A] defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Instead, he must show "that a fair and just reason supports his request to withdraw." Id. (internal quotation marks omitted; discussing factors to be considered by court).

Davis contends that the district court abused its discretion in denying his motion to withdraw his guilty plea because he possesses no valid predicate felony conviction to serve as the basis for the instant offense. Specifically, Davis argues that his 2002 federal felony conviction cannot serve as the basis for the instant offense because it was predicated on prior state court convictions resulting in a sentence of less than one year of imprisonment and, thus, is facially invalid in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)

2

(en banc). Further, Davis claims that his 2007 state felony conviction cannot serve as a predicate for the instant offense because the only reason that he received a sentence of more than one year of imprisonment was due to the inclusion of the allegedly invalid 2002 conviction in the calculation of his prior record level.

Davis is mistaken. This court squarely rejected this line of argument in United States v. Kahoe, 134 F.3d 1230 (4th Cir. 1998), holding that any subsequently-realized invalidity of a predicate felony conviction is immaterial to a § 922(g)(1) prosecution, as long as the prior conviction was in effect on the date that the defendant possessed the firearm. Id. at 1235. In this case, there is no dispute that Davis's 2002 federal felony conviction and 2007 state felony conviction were both in effect on April 15, 2011, when Davis possessed the firearm that is the subject of his current § 922(g)(1) conviction, and that he received sentences exceeding one year on each of these prior convictions. As a result, Davis's current § 922(g)(1) conviction is proper, notwithstanding the possible effects of Simmons on his previous convictions. We have reviewed Davis's other contentions with respect to the Moore factors, and we conclude that Davis's plea was knowing and voluntary and that he was adequately advised by competent counsel. We therefore

3

affirm the district court's denial of Davis's motion to withdraw the plea.

Davis also challenges the reasonableness of his eighty-seven-month sentence. This court reviews a sentence for reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We "must first ensure that the district court committed no significant procedural error." Id. If no procedural error was committed, we review the sentence for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. A sentence that falls within a properly calculated Guidelines range is presumptively reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2006)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Here, the district court sentenced Davis to eighty-seven months' imprisonment, within his Guidelines range. We have reviewed the contentions raised on appeal and conclude that Davis has not met his burden of establishing that his within-Guidelines sentence was unreasonable when measured against the § 3553(a) factors. We therefore conclude that the district court did not abuse its discretion in sentencing Davis.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED