**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4206**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAMIEN NOWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:15-cr-00329-D-1)

Submitted: November 30, 2018                    Decided: December 11, 2018

Before KING, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damien Nowell was charged with: conspiracy to possess cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1), 846 (2012) (Count One); possession with intent to distribute cocaine and aiding and abetting the same, 21 U.S.C. § 841(a), 18 U.S.C. § 2 (2012) (Count Two); using and carrying a firearm during and in relation to a drug trafficking crime and possessing such firearm in furtherance of said crime and aiding and abetting the same, 18 U.S.C. 924(c), 2 (2012) (Count Three); and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012) (Count Four). Nowell pled guilty to Counts One and Two, and a jury subsequently convicted him on Counts Three and Four. He was sentenced to 36 months, concurrent, on Counts One, Two, and Four, and 60 months, consecutive, on Count Three. Nowell appeals, raising a variety of issues. We affirm.

I

Nowell first challenges the sufficiency of the evidence on Counts Three and Four. We will uphold a verdict if there is substantial evidence, viewed in the light most favorable to the Government, to support it. *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.*

A

To convict a defendant under 18 U.S.C. § 922(g)(1), the Government must prove: (a) the defendant was previously convicted of a crime punishable by a prison term

2

exceeding one year; (b) the defendant knowingly possessed a firearm; and (c) the firearm travelled in interstate or foreign commerce. *United States v. Gilbert*, 430 F.3d 215, 218 (4th Cir. 2005). The parties stipulated that, prior to the date of the offense (February 4, 2015), Nowell had been convicted of a felony and that the firearm, a loaded Beretta .40 caliber handgun, was manufactured outside North Carolina.[1]

Under § 922(g)(1), "proof of actual or exclusive possession [is not necessary]; constructive or joint possession is sufficient." *United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012). A person has constructive possession of contraband if he has "knowledge of the presence of the contraband" and "ownership, dominion or control over the contraband or the premises . . . in which the contraband was concealed." *United States v. Herder*, 594 F.3d 352, 358 (4th Cir. 2010). Constructive possession may be proven by direct or circumstantial evidence, considering the totality of the circumstances. *Id.*

Evidence at trial established that Nowell constructively possessed the gun. On February 4, 2015, officers executed a search warrant at a residence. When they entered, they discovered Nowell in a bathroom, attempting to flush a plastic bag down a toilet. Officers retrieved the bag, which contained 72 grams of cocaine – an amount consistent with cocaine distribution. During a search of a nearby bedroom, officers discovered the

---

[1] Nowell contends for the first time on appeal that, because the predicate felony convictions were overturned by North Carolina state courts following commission of the § 922(g)(1) offense, he did not have the requisite prior felony conviction. Our decision in *United States v. Kahoe*, 134 F.3d 1230 (4th Cir. 1998), forecloses this argument.

handgun concealed beneath an air mattress. Officers also found numerous items indicating that the bedroom was Nowell's, including a wallet containing documents bearing his name, other documents with his name, signature, telephone number, and email, and clothing consistent with Nowell.

Jahid Diggs, who was in the Franklin County Jail with Nowell, testified that Nowell told him he had tried to flush the cocaine. Nowell also told Diggs that the gun was his.

We conclude that Nowell had the requisite knowledge and ownership, dominion, or control to establish constructive possession of the firearm. *See Herder*, 594 F.3d at 358. Given the stipulations as to the gun's interstate nexus and Nowell's prior felony conviction, we hold that the evidence was sufficient to convict him of violating § 922(g)(1).

B

Nowell also contends that the evidence was insufficient to support his conviction for possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). The statute requires that the Government "present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Pineda*, 770 F.3d 313, 317 (4th Cir. 2014).

Nowell's constructive possession of the gun was established. Evidence also demonstrated that Nowell possessed the gun in furtherance of the cocaine trafficking crimes charged in Counts One and Two. An officer testified that drug dealers often have guns for protection. Additionally, the gun was discovered in Nowell's bedroom, which

4

was near the bathroom where he was attempting to flush 72 grams of cocaine down a toilet. Finally, he had $1482 in cash on his person when he was arrested and, following his arrest, officers discovered a bag containing seven grams of cocaine—a quantity consistent with distribution—secreted between Nowell's buttocks. We hold that there was sufficient evidence to convict Nowell on Count Three.

II

Nowell assigns three errors to the jury instructions. First, he contends that the court erred by not instructing the jury on the "use or carry" prong of § 924(c)(1)(A). He also claims that the court's instruction on aiding and abetting violated *Rosemond v. United* States, 572 U.S. 65 (2014). Finally, he argues that the court should have given a *Pinkerton* instruction, *see Pinkerton v. United States*, 328 U.S. 640 (1946). Because he did not raise these claims below, our review is for plain error. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). "Under the plain error standard, this Court will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018).

A defendant is guilty under § 924(c)(1)(A) if, during and in relation to a drug trafficking crime or crime of violence, he uses or carries a firearm, *or* if he possesses a firearm "in furtherance of" such a crime. While the statute is worded in the disjunctive, Nowell's indictment charged the offense in the conjunctive. The court instructed the jury only on the possession prong of the statute, and the verdict form did not give the jury the

5

option of convicting Nowell of using and carrying. Nowell complains that the court erred when it instructed the jury only on the "possession" portion of § 924(c).

We conclude that there was no error, much less plain error, in the instruction. "It is well established that when the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive." *United States v Perry*, 560 F.3d 246, 256 (4th Cir. 2009). The court's decision to instruct only on the possession prong of the statute was appropriate, especially when there was no evidence that Nowell used or carried the firearm.

Similarly, there was no *Rosemond* error. In *Rosemond*, the Supreme Court held that, to convict for aiding and abetting a § 924(c) offense, the defendant must know beforehand that a confederate will possess a gun. *Rosemond*, 572 U.S. at 81-82. Although Nowell claims that the district court did not instruct the jury that he needed advance knowledge of a firearm's presence to convict him under the theory of aiding and abetting, the transcript establishes that the district court did so instruct the jury.

Nowell also maintains that the court should have given a *Pinkerton* instruction. The *Pinkerton* doctrine imposes vicarious liability on a conspirator for the substantive offenses committed by coconspirators when the offenses occur in furtherance of the conspiracy. *Pinkerton v. United States*, 328 U.S. at 646. Under *Pinkerton*, "[a] defendant may be convicted of a § 924(c) charge on the basis of a coconspirator's use [or possession] of a firearm if the use [or possession] was in furtherance of the conspiracy and was reasonably foreseeable to the defendant." *United States v. Wilson*, 135 F.3d 291, 305 (4th Cir. 1998). Here, there was no need for an instruction on *Pinkerton* liability

6

because the evidence established that Nowell himself possessed the firearm in furtherance of a drug trafficking crime.

## III

Nowell claims that the district court erred in permitting Diggs to testify because a summary of his expected testimony was not presented to defense counsel until one day before trial, and counsel learned that Diggs would be called only three days before trial. "We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011).

The record reflects that, based on information provided by Diggs' attorney, the Government debriefed Diggs on October 17, 2017. It was not until that debriefing that the Government learned that Diggs had information pertinent to Nowell's case. According to Nowell, the Government then provided the defense with documents concerning Diggs, including his plea agreement, his criminal judgment, his criminal history and a motion for downward departure. On October 30, 2017, the Government provided counsel with a written summary of Diggs' anticipated testimony. Trial commenced on October 31. The record reflects that defense counsel thoroughly cross-examined Diggs. The district court declined to strike Diggs' testimony, noting that the Government did not know that Diggs possessed relevant information until October 17.

Nowell claims that, because Diggs was disclosed as a witness so late, he should not have been permitted to testify. Especially in light of the extensive cross-examination, the late discovery that Diggs had relevant information, and the Government's giving

7

defense counsel in advance of trial both relevant information concerning Diggs' criminal record and a summary of his anticipated testimony, we conclude that the court did not act arbitrarily or irrationally in permitting the testimony and, accordingly, that there was no abuse of discretion.

IV

Counts One, Two and Four were grouped for purposes of calculating Nowell's Guidelines range. Nowell's base offense level was 18, and he received no adjustments to that level. He contends that he should have received an adjustment based on acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (2016). "In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1179 (2018).

"[O]nce a court groups appropriate counts and determines the initial combined offense level for the grouped counts, it then decides whether any adjustments to the offense level-including that for acceptance of responsibility-should be made for the grouped offense." *United States v. Hargrove*, 478 F.3d 195, 199 (4th Cir. 2007). A defendant must "accept responsibility for the grouped guidelines counts in order to be eligible for the reduction in offense level for that particular [grouped] 'offense.'" *Id.* at 200.

By going to trial on Count Four, Nowell denied responsibility for that offense. Because he did not accept responsibility for one of the grouped offenses, he was not entitled to a reduction under USSG § 3E1.1.

8

V

Finally, Nowell asserts that his sentence is unreasonable. We review a sentence for reasonableness pursuant to an abuse-of-discretion standard. *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2010); *see also Gall v. United States*, 552 U.S. 38, 51 (2007); *Rita v. United States*, 551 U.S. 338, 350 (2007). The record reflects that the district court correctly calculated Nowell's Guidelines range, considered the arguments of counsel and Nowell's statement to the court, applied the 18 U.S.C. § 3553(a) (2012) sentencing factors, and provided a sufficiently individualized explanation of the chosen sentence. *See United States v. Lynn,* 592 F.3d 572, 575 (4th Cir. 2010). The court was particularly concerned with the seriousness of Nowell's four offenses, his substance abuse problem, and his lack of a work history. We conclude that the sentence is reasonable.

VI

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*