**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-4216

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MOHAMED MAGI ABUSNENA,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Meyers, II, Chief District Judge.  (5:20-cr-00301-M-1)

_____

Submitted:  January 31, 2023                          Decided:  February 2, 2023

_____

Before NIEMEYER and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Eugene E. Lester III, LESTER LAW, Greensboro, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Mohamed Magi Abusnena of possession of a firearm by a felon, in violation of 18 U.S.C §§ 922(g)(1), 942(a)(2). The district court sentenced Abusnena to two years' imprisonment followed by three years' supervised release. On appeal, Abusnena challenges the district court's denial of his suppression motion and his motion to dismiss the charge against him. We affirm.

The Fourth Amendment provides for "[t]he right of the people to be secure in their persons . . . and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A search or seizure that is conducted without first obtaining a warrant is "per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). Among the exceptions to the warrant requirement is a search incident to a lawful arrest. *Arizona v. Gant*, 556 U.S. 332, 338 (2009).

Under the Fourth Amendment, a police officer may lawfully arrest a defendant absent a warrant when the officer has probable cause to believe that a defendant committed an offense. *Maryland v. Pringle*, 540 U.S. 366, 370 (2003). Probable cause exists where the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). Whether the officer has probable cause is a fact-based inquiry that considers the totality of the circumstances. *United States v. Humphries*, 372 F.3d 653, 657 (4th Cir. 2004).

Abusnena argues that the district court erred in finding that the search incident to arrest exception applied here.  He argues his arrest was unlawful because Keeny lacked either reasonable suspicion to stop him or probable cause to arrest him.  We disagree.  The district court correctly found that the arresting officer had probable cause—and thus also reasonable suspicion—to believe that Abusnena discharged a firearm in violation of a local ordinance.  Further, we conclude that the district court correctly found it was reasonable for the officers to believe that evidence relevant to discharging a firearm might be found within Abusnena's car.  *See United States v. Davis*, 997 F.3d 191, 196-97 (4th Cir. 2021).  In sum, the district court correctly held that the search incident to arrest exception applied here.

Next, Abusnena argues that the district court erred by denying his motion to dismiss his charge because, after he was indicted for felon in possession of a firearm, his predicate felony conviction was expunged.  But as this court has held, a conviction for felon in possession of a firearm is valid even if the predicate conviction has been expunged, so long as the predicate conviction was in effect when the defendant possessed the firearm or ammunition.  *United States v. Kahoe*, 134 F.3d 1230, 1234-35 (4th Cir. 1998).  Abusnena invites us to overrule *Kahoe*, but "one panel [of this Court] cannot overrule a decision issued by another panel."  *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted).

3

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*