

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2005

# USA v. Leuschen

Precedential or Non-Precedential: Precedential

Docket No. 04-1142

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Leuschen" (2005). *2005 Decisions.* Paper 1533.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1533

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1142
_____

UNITED STATES OF AMERICA

v.

DOUGLAS B. LEUSCHEN,

Appellant

_____

Appeal from the United States District Court
For the Western District of Pennsylvania
D.C. No.: 02-cr-00163-1
District Judge: Honorable Maurice B. Cohill, Jr.

_____

Argued: December 14, 2004

Before: NYGAARD, ROSENN, and BECKER, Circuit
Judges.

(Filed:  January 21, 2005)

Christine A. Sanner (Argued)
Bonnie R. Schlueter
Office of United States Attorney
700 Grant Street, Suite 400
Pittsburgh, PA 15219

      *Counsel for Appellant*

Karen S. Gerlach (Argued)
Office of Federal Public Defender
1001 Liberty Avenue
1450 Liberty Center
Pittsburgh, PA 15222

      *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

<u>ROSENN</u>, Circuit Judge.

Although the appellant in this appeal challenges the constitutionality of the federal felon in possession of a gun law, 18 U.S.C. § 922(g)(1), the most serious aspect of this appeal is the question whether his extant prior conviction, if flawed, may constitute the predicate conviction for his subsequent prosecution under § 922(g)(1). This question is one of first impression in this circuit.

Following a bench trial in the United States District

Court for the Western District of Pennsylvania, appellant Douglas B. Leuschen ("Leuschen") was found guilty of one count of possessing firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to sixty-three months' imprisonment to be followed by three years' supervised release. He asserts that his 1989 conviction under Pennsylvania law, on which the Government relied in securing his conviction under § 922(g)(1), is invalid, because his counsel failed to recognize that the state law had been amended before his trial and afforded him an unassailable defense to the charge on which he was convicted. Thus, he contends that his state conviction cannot satisfy § 922(g)(1)'s predicate conviction requirement. Leuschen also asserts that, with respect to his 1989 state conviction, he retained his rights under Pennsylvania law to vote and hold public office, in addition to the right to possess firearms. He argues that he therefore qualifies for the "restoration of civil rights" exception to § 922(g)(1)'s prohibition on firearm possession, provided by 18 U.S.C. § 921(a)(20). Lastly, Leuschen challenges § 922(g)(1)'s constitutionality under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3. For the following reasons, we will affirm the District Court's judgment of conviction and sentence.

I.

In July 2002, Leuschen, a resident of Pennsylvania, spoke with a local law enforcement officer about his legal and financial troubles, and complained about what he perceived to be a corrupt and unjust legal system. During this conversation, Leuschen repeatedly referred to Homeland

3

Security Secretary Tom Ridge, and conveyed his belief that he had little choice but to "take his gun and go to war against the people whom caused him such injustice for many years." (App. 46.) The officer reported Leuschen's remarks to the Federal Bureau of Investigation. Viewed in light of his history of firearms violations and his "long-term fixation" on Secretary Ridge, Leuschen's statements prompted federal Secret Service agents to obtain a warrant to search his home. Inside his home, federal agents uncovered six firearms and several rounds of ammunition. All of the firearms were manufactured outside of Pennsylvania.

The Government charged Leuschen with being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), based on his 1989 conviction in the Court of Common Pleas of Erie County, Pennsylvania, for carrying a concealed 9 millimeter semiautomatic pistol without a license. See 18 Pa. Cons. Stat. § 6106(a). In August 2002, a grand jury in the United States District Court for the Western District of Pennsylvania indicted Leuschen on one count of violating § 922(g)(1).

Leuschen moved to dismiss the indictment on the ground that § 922(g)(1) is unconstitutional under the Commerce Clause of the federal Constitution. Applying United States v. Singletary, 268 F.3d 196 (3d Cir. 2001), the District Court, Cohill, J., appropriately denied his motion. By way of a second pretrial motion to dismiss, Leuschen argued that he was not a felon for § 922(g)(1) purposes, because his 1989 state court conviction was invalid, and because he qualified for the "restoration of civil rights" defense under §

4

921(a)(20). The District Court also denied this motion. It held that Leuschen could not collaterally attack his predicate felony conviction, and that he did not qualify for the restoration of civil rights defense, because his right to sit on a jury had not been restored under Pennsylvania law.

After a brief trial, the District Court found Leuschen guilty. He timely appealed.

II.

Because Leuschen's appeal poses legal questions of statutory interpretation, our review is plenary. Singletary, 268 F.3d at 198-99; United States v. Cross, 128 F.3d 145, 147 (3d Cir. 1997).

Section 922(g)(1) prohibits firearm possession by anyone who has "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." § 922(g)(1). Leuschen contends that the Government cannot rely on his 1989 state conviction to satisfy § 922(g)(1)'s predicate conviction requirement, because his defense counsel, the prosecutor, and the trial judge all failed to recognize that state law had been amended prior to his trial. The amendment, he claims, would have provided him with a defense which would have led to his acquittal. This argument, however, is foreclosed by Lewis v. United States, 445 U.S. 55 (1980).

Lewis involved a prosecution under 18 U.S.C. § 1202(a), a predecessor to § 922(g), which prohibited firearm

possession by convicted felons.[1] In <u>Lewis</u>, the defendant's prior felony conviction was indisputably obtained in violation of his right to counsel. However, the Supreme Court rejected his attempt to challenge the extant felony conviction in defense to his prosecution under § 1202(a). Analyzing the statutory language and history of § 1202(a), the Court held that its sweeping prohibition on firearm possession was triggered by "the fact of a felony conviction," not the validity of a felony conviction. <u>Lewis</u>, 445 U.S. at 60. Further, the Court observed that the statutory scheme afforded convicted felons various means of vacating the conviction or lifting the firearm disability in an appropriate proceeding in the state courts "<u>before</u> obtaining a firearm. . . ." <u>Id.</u> at 64. Thus, the Court concluded that the firearm disability applied "despite

---

[1] Section 1202(a) provided in relevant part:

> Any person who –
> (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

18 U.S.C. 1202(a)(1), <u>repealed</u> <u>by</u> Firearms Owners' Protection Act of 1986, 99 Pub. L. 308, § 104(b), 100 Stat. 449, 459; <u>see</u> <u>Lewis</u>, 445 U.S. at 56 n.1.

6

the fact that the predicate felony may be subject to collateral attack on constitutional grounds." Id. at 65.

We hold that Lewis precludes a defendant's collateral attack on a prior conviction in defense of a prosecution under § 922(g)(1). See Burrell v. United States, 384 F.3d 22, 27-28 (2d Cir. 2004) ("[T]he determinate factor is defendant's criminal record at the time of the charged possession. . . . Thus, a § 922(g)(1) conviction is 'not subject to attack on the ground that a predicate conviction is subsequently reversed, vacated or modified.'") (citing Lewis, 445 U.S. at 64); United States v. Marks, 379 F.3d 1114, 1118-19 (9th Cir. 2004) (Under Lewis, "it is the fact of a felony conviction, with no intervening vacatur or other affirmative official action by the state to nullify the conviction, that triggers the firearms disability.").[2]

Section 922(g)(1)'s broad language, similar to that of §

_____

[2] Other Courts of Appeals that have considered this question support our result. See, e.g., United States v. Snyder, 235 F.3d 42, 53 (1st Cir. 2000); United States v. Steverson, 230 F.3d 221, 225 (6th Cir. 2000); United States v. Kahoe, 134 F.3d 1230, 1235 (4th Cir. 1998); United States v. Lee, 72 F.3d 55, 58 (7th Cir. 1995). Further, other Courts of Appeals have agreed, in dicta, that Lewis applies to § 922(g)(1), and have also applied Lewis's holding to other subsections of § 922(g). See United States v. Hicks, 389 F.3d 514, 535 (5th Cir. 2004); United States v. Dorsch, 363 F.3d 784, 787 (8th Cir. 2004); United States v. Cisneros-Cabrera, 110 F.3d 746, 748 (10th Cir. 1997).

7

1202(a)(1)'s, contains no modifiers or restrictions to suggest that the firearm disability applies to only those persons with valid convictions.  Rather, the only qualification imposed by § 922(g)(1) is that the predicate conviction carry a potential sentence of greater than one year of imprisonment.  Further, the statutory framework contemplates that a "defendant clear his status <u>before</u> obtaining a firearm," <u>Lewis</u>, 445 U.S. at 64, because § 921(a)(20) provides that, a "conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored" does not impose a firearm disability.  Thus, like its predecessor, § 922(g)(1) prohibits a felon from possessing a firearm, although the predicate conviction is susceptible to a collateral attack.  <u>See</u> <u>Lewis</u>, 445 U.S. at 65.

Leuschen's reliance on <u>Custis v. United States</u>, 511 U.S. 485 (1994), is misplaced.  In <u>Custis</u>, the defendant was convicted under § 922(g)(1), and sought to collaterally challenge the validity of his previous state convictions only when the government sought to enhance his sentence under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e).[3]  <u>Custis</u>, 511 U.S. at 487.  Because the

---

[3] In relevant part, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent

8

ACCA, like § 922(g)(1), "focuses on the <u>fact</u> of the conviction and nothing suggests that the prior final conviction may be subject to collateral attack for potential constitutional errors before it may be counted," <u>id.</u> at 491, the Supreme Court held that "prior convictions used for sentence enhancement purposes under § 924(e) are not subject to collateral attack in the sentence proceeding." <u>Id.</u> at 492. The Court relied on <u>Lewis</u> in support of this conclusion. <u>Id.</u> at 492-93. However, it carved out a narrow exception to the rule against collateral attacks, for prior convictions obtained in a complete absence of counsel. <u>Id.</u> at 496. Unlike other constitutional errors, the Court explained, a complete deprivation of counsel could be discerned easily by looking to "the judgment roll itself, or from an accompanying minute order." <u>Id.</u>

---

felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

9

In light of the narrow window that <u>Custis</u> opens for collateral challenges to predicate felonies, it is little wonder that Leuschen couches his attack on his 1989 Pennsylvania conviction in terms of a violation of his right to counsel. He baldly asserts that an amendment to state law effective after his arrest, but before his trial, would have been retroactive to his case, and led to his acquittal. He contends that his trial counsel, the prosecutor, and the trial judge all failed to recognize this legal development, and this error was tantamount to a total deprivation of counsel. <u>Custis</u>, however, has no application whatsoever to Leuschen's claims. It only applies to sentencing proceedings under § 924(e). Moreover, a review of his 1989 trial transcript quickly reveals that Leuschen was represented by counsel.[4]

Section 922(g)(1) prohibited Leuschen from possessing a firearm on account of his 1989 state conviction, irrespective of the validity of that conviction. Accordingly, we hold that the defendant cannot collaterally attack his

---

[4] Leuschen alleges that he would have been acquitted under a 1988 amendment to 18 Pa. Cons. Stat. § 6106(b)(4), which provided a target practice exception to the prohibition on carrying unlicensed, concealed firearms. Undertaking a review of his claim would require analysis of the trial transcripts and various state laws, which involves a level of effort and delay that the <u>Custis</u> Court sought to prevent by limiting the exception to the rule against collateral attacks to only those convictions obtained in the absence of counsel. <u>See</u> <u>Custis</u>, 511 U.S. at 496-97.

predicate conviction in defense of his prosecution under § 922(g)(1).

III.

Title 18 U.S.C. § 921(a)(20) lifts a convict's firearms disability if the convict

"has had civil rights restored" with respect to the conviction, unless the "restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." § 921(a)(20); Beecham v. United States, 511 U.S. 368, 372 (1994). Leuschen contends that he qualifies for this restoration of civil rights defense to § 922(g)(1). He asserts that he qualifies because his civil rights under Pennsylvania law have remained substantially intact after his 1989 conviction, and Pennsylvania law imposes no restrictions on his firearms rights. The Government counters that, under United States v. Essig, 10 F.3d 968 (3d Cir. 1993), a convict's federal firearms rights are restored only if the convicting jurisdiction has restored all of the convict's core civil rights.

In Essig, we acknowledged that § 921(a)(20) does not define "civil rights." We adopted the definition employed by our sister Courts of Appeals, and concluded that "civil rights" encompasses the rights to vote, to hold public office, and to sit on a jury. Essig, 10 F.3d at 975 (quoting United States v. Thomas, 991 F.2d 206, 211 (5th Cir. 1993), in turn quoting United States v. Cassidy, 899 F.2d 543, 549 (6th Cir. 1990), and citing United States v. Dahms, 938 F.2d 131, 133 (9th Cir. 1991)). The Supreme Court has implicitly accepted this

11

view.  See Caron v. United States, 524 U.S. 308, 316 (1998) (discussing § 921(a)(20)'s requirement that federal courts apply the convicting jurisdiction's law to determine whether civil rights have been restored; "Restoration of the right to vote, the right to hold office, and the right to sit on a jury turns on so many complexities and nuances that state law is the most convenient source for definition."). Essig presented this Court with the issue of whether the defendant's "retention of two of the three core civil rights to which § 921(a)(20) refers, the right to vote and hold pubic office, is a restoration of civil rights within the meaning of the statute." Essig, 10 F.3d at 975.  We held that it is not.  Once the convict loses a core civil right, § 921(a)(20) requires the restoration of that right.  Id. at 976.

Leuschen acknowledges that his 1989 Pennsylvania conviction stripped him of his right to sit on a jury, see 42 Pa. Cons. Stat. § 4502(a)(3), and that Pennsylvania law has not restored this right.[5]  Yet, he claims that § 921(a)(20) nevertheless entitles him to the restoration of civil rights defense, because Pennsylvania law imposes no restrictions on his firearms rights.  He unsuccessfully attempts to distinguish Essig on the ground that it did not contemplate the impact of a defendant's ability to possess firearms in combination with his retention of two of the three core civil rights.

---

[5] Leuschen provides no support for his contention that he has retained his rights to vote and hold public office under Pennsylvania law.  Because this issue bears no impact on the outcome of his appeal, we will assume that he is correct.

12

The absence of firearms restrictions, however, becomes relevant only if the convict's core civil rights have been restored. The defense under § 921(a)(20) involves two distinct steps. First, the defendant must demonstrate a restoration of core civil rights. As this Court and others have held, this includes the right to sit on a jury. Essig, 10 F.3d at 975; see, e.g., Dahms, 938 F.2d at 133. Only then does the court consider whether the restoration is encumbered by any firearm restrictions. If the defendant "has not 'had civil rights restored,' it simply does not matter what the state law provides concerning possession of firearms." Thomas, 991 F.2d at 215; see also Caron, 524 U.S. at 313 (courts' analysis of state law restrictions on the defendant's firearms rights occurred after the defendant demonstrated a restoration of his civil rights).

Because Leuschen cannot demonstrate that his core civil rights have been fully restored under Pennsylvania law, he cannot avail himself of § 921(a)(20)'s restoration of civil rights defense. Leuschen's rights under Pennsylvania law to possess firearms are therefore irrelevant.[6]

---

[6] Leuschen argues that 18 Pa. Cons. Stat. § 6105, a statute which prohibits firearm possession for persons convicted of certain crimes, does not prohibit his possession of firearms. The Government, however, argues that § 6109 prevents Leuschen from obtaining a license to carry a concealed firearm, on account of his 1989 conviction. Such a restriction on Leuschen's firearm rights could possibly disqualify him for the restoration of civil rights defense under § 921(a)(20). See Caron, 524 U.S.

IV.

Leuschen argues that his conviction must be vacated because § 922(g)(1) is unconstitutional under the Commerce Clause of the federal Constitution. The Commerce Clause empowers Congress "[t]o regulate commerce with foreign Nations, and among the several States . . . ." U.S. Const. art. I, § 8, cl. 3. In Singletary, this Court examined § 922(g)(1)'s viability in light of a triad of Commerce Clause cases in which the Supreme Court narrowed the scope of Congress' regulatory powers: United States v. Lopez, 514 U.S. 549 (1995); United States v. Morrison, 529 U.S. 598 (2000); and Jones v. United States, 529 U.S. 848 (2000). See Singletary, 268 F.3d at 199-204. We upheld § 922(g)(1), holding that its jurisdictional element places it within the ambit of Congress' Commerce Clause powers. Id. at 204; see also United States v. Gateward, 84 F.3d 670, 672 (3d Cir. 1996).

Leuschen acknowledges that Singletary is controlling, and admits that he has raised the issue of § 922(g)(1)'s constitutionality "for the sole purpose of preserving it for potential en banc or Supreme Court review." (Appellant Br. at 3.). This Court has previously declined the opportunity for en banc review of facial challenges to the constitutionality of § 922(g)(1). See, e.g., United States v. Coward, 296 F.3d

---

at 315-16. Although it is unclear whether Leuschen's firearm rights are truly unencumbered under Pennsylvania law, we need not resolve this issue in light of our holding that Leuschen has failed to establish a restoration of his right to sit on a jury.

14

176, 183 (3d Cir. 2002); <u>Singletary</u>, 268 F.3d at 198 n.1 & 204-05.  There is no basis for changing course with Leuschen's case.  Thus, we adhere to <u>Singletary</u>, and reject Leuschen's facial attack on § 922(g)(1)'s constitutionality.

Furthermore, evidence that Leuschen's firearms were all manufactured outside Pennsylvania provides the requisite nexus to, and proof that the firearms traveled in, interstate commerce.  <u>See, e.g.</u>, <u>United States v. Shambry</u>, - - F.3d - -, 2004 WL 2952819, at *4 (3d Cir. Dec. 22, 2004); <u>Singletary</u>, 268 F.3d at 200 (discussing <u>Scarborough  v. United States</u>, 431 U.S. 563 (1977)).  Thus, Leuschen's claim that § 922(g)(1) was unconstitutionally applied to his case is without merit.

V.

For the foregoing reasons, the judgment and sentence of the District Court will be affirmed.