

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2007

# USA v. Corle

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5363

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Corle" (2007). *2007 Decisions*. Paper 1327.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1327

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5363

UNITED STATES OF AMERICA

v.

TERRY LEE CORLE,
                                        Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 04-cr-00030J
District Judge:  The Honorable Kim R. Gibson

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2007

Before: RENDELL, BARRY, and CHAGARES, <u>Circuit Judges</u>

(Opinion Filed: April 11, 2007)

OPINION

BARRY, <u>Circuit Judge</u>

        Appellant, Terry Lee Corle, argues that the District Court incorrectly ruled that his

1981 conviction for theft by receiving stolen property, in violation of section 3925 of the

Pennsylvania Crimes Code, is a predicate conviction under 18 U.S.C. § 922(g)(1). For the following reasons, we will affirm the judgment of the District Court.

## I.

On October 5, 2004, a federal grand jury returned a one-count indictment charging Corle with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). According to the indictment, the felony underlying the charge was a 1981 Pennsylvania conviction for theft by receiving stolen property.

On January 28, 1981, Corle was indicted in the Court of Common Pleas of Bedford County for violating section 3925(a) of the Pennsylvania Crimes Code. That indictment charged that Corle "intentionally receive[d], retain[ed], or dispose[d] of movable property of another knowing that it had been stolen, or believing it had probably been stolen, and did so without the intent to restore the property to the owner." (App. at 13.) A criminal complaint filed that day explained that the property at issue was a 1980 Dodge Omni and listed the offense as a felony of the third degree. The Commonwealth, at the request of Corle, filed a bill of particulars which contained additional information regarding the stolen vehicle.

Subsequently, Corle and the Commonwealth entered into a plea agreement. Pursuant to that agreement, Corle agreed to plead guilty to "Theft by receiving property, Section 3925(a) of the Crimes Code of Pennsylvania; a felony of the third degree," and the Commonwealth agreed to recommend a non-incarceratory sentence. (App. at 62.) Corle pleaded guilty and, on June 1, 1981, was sentenced to a term of six months

2

probation and a $25 fine.

Believing that this conviction was not a predicate conviction for purposes of 18 U.S.C. § 922(g)(1), Corle filed a motion to dismiss the 2004 federal indictment. By Memorandum Opinion and Order dated July 29, 2005, the District Court denied the motion. On September 9, 2005, Corle entered a conditional plea of guilty pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the terms of which allowed him to appeal the conclusion of the District Court that his 1981 conviction was a predicate conviction under § 922(g)(1).

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See United States v. Leuschen, 395 F.3d 155, 157 (3d Cir. 2005).

## II.

Among the elements the government must prove beyond a reasonable doubt to secure a conviction under § 922(g)(1) is that the defendant "had previously been convicted of a crime punishable by imprisonment for a term exceeding one year," United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000), a term which excludes misdemeanors under state law that are "punishable by a term of imprisonment of two years or less," 18 U.S.C. § 921(a)(20). In order to determine if a conviction under state law meets this definition, a court must follow "the law of the jurisdiction in which the proceedings were held," § 921(a)(20), but it may not inquire into the validity of or collaterally review that conviction. See Leuschen, 395 F.3d at 157–58.

Corle argues that, pursuant to section 3903 of the Crimes Code, his 1981

3

conviction must be considered a misdemeanor of the third degree, which, being punishable by imprisonment of not more than one year, see 18 Pa. Cons. Stat. § 106(b), cannot serve as a predicate conviction under § 922(g)(1). According to Corle, because the indictment did not list the grade of the offense or facts sufficient to calculate the grade, the fact that the criminal complaint, bill of particulars, and plea agreement all included the grade of the offense, or facts sufficient to definitively determine its grade,[1] is "of no consequence or import" because he could not "plead guilty to an offense to which he ha[d] not been charged by indictment irrespective of what information [he] may [have] possess[ed] or have been appraised of during a plea colloquy." Appellant's Br. at 18. We disagree.

Corle's argument is, for the most part, foreclosed by our decision in Leuschen, in which we applied the Supreme Court's ruling in Lewis v. United States, 445 U.S. 55 (1980), and held that § 922(g)(1) is triggered by the fact of a "predicate conviction [that] carr[ies] a potential sentence of greater than one year of imprisonment" regardless of whether that conviction is "valid" or "susceptible to a collateral attack." Leuschen, 395 F.3d at 158. We explained that, pursuant to the statute, an individual who has a predicate conviction must challenge that conviction before possessing a firearm, as he "cannot collaterally attack his predicate conviction in defense of his prosecution under §

---

[1] Pursuant to section 3903 of the Crimes Code, when the property involved is an automobile the theft is deemed a felony of the third degree. Although the bill of particulars did not list the grade of the offense, it did indicate that the property at issue was a 1980 Dodge Omni.

4

922(g)(1)." Id. at 159.  We are thus precluded from reviewing, twenty-six years after the fact, the validity of Corle's 1981 conviction and our review is limited to determining whether, under Pennsylvania law, that conviction satisfies the definition of "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 921(a)(20).  We hold that it does.

Pursuant to his plea agreement with the Commonwealth, Corle agreed to plead guilty to "Theft by receiving property, Section 3925(a) of the Crimes Code of Pennsylvania; a felony of the third degree." (App. at 62.)  Being punishable by up to seven years in prison, that conviction satisfies the definition provided for in § 921(a)(20).  See 18 Pa. Cons. Stat. § 106(b).

Corle's argument that we should look only to the indictment, which contains no grade or facts sufficient to compute the grade, is misplaced.  First, to the extent that such an examination is aimed at undermining his conviction, it is, as discussed above, foreclosed by Leuschen.[2]  Second, given the process of grading theft offenses provided for by the Crimes Code, it is contrary to Pennsylvania law.  As the Pennsylvania Superior Court has explained on numerous occasions, the grading of theft offenses and the facts necessary to support that grading pursuant to section 3903 are not elements of the crime

_____

[2] We therefore need not discuss Corle's reliance on Commonwealth v. Nixon, 476 A.2d 1313 (Pa. Super. Ct. 1984), Commonwealth v. McNeill, 439 A.2d 131 (Pa. Super. Ct. 1981), and Commonwealth v. Longo, 410 A.2d 368 (Pa. Super. Ct. 1979). We note, however, that aside from involving different provisions of the Crimes Code, these cases explore the validity of the convictions at issue.

which must be included in the indictment or information, but, rather, are used for purposes of sentencing only. See Commonwealth v. Shamberger, 788 A.2d 408, 418–20 (Pa. Super Ct. 2001) (en banc); Commonwealth v. Sparks, 492 A.2d 720, 725 (Pa. Super. Ct. 1985); Commonwealth v. McKennion, 340 A.2d 889, 891–92 (Pa. Super. Ct. 1975); see also Commonwealth v. Robichow, 487 A.2d 1000, 1002–05 (Pa. Super. Ct. 1985). As such, in determining the grading of Corle's conviction, we need not consider his indictment. His plea agreement, as well as the criminal complaint and bill of particulars, clearly establish that he was convicted of a felony of the third degree.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.