**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4265
_____

UNITED STATES OF AMERICA

v.

MICHAEL WAYNE COOK,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 10-cr-00334-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2012
_____

Before: RENDELL, GARTH and BARRY, Circuit Judges

(Opinion Filed:  July 17, 2012)
_____

OPINION
_____

BARRY, Circuit Judge

Appellant Michael Cook ("Cook") appeals his judgment of conviction following a

jury trial for possession of body armor by a violent felon in violation of 18 U.S.C. §

931(a).  We will affirm.

## I.

On March 18, 2007, a confidential informant, together with federal agents, observed Cook purchasing a ballistic vest at a gun show in Harrisburg, Pennsylvania. The evidence at trial established that, prior to the purchase, the ballistic vest had travelled in interstate commerce, because the vendor who sold the vest to Cook had obtained it just one week before at a gun show in Maryland. After the purchase, Cook kept the ballistic vest at his home for a short period of time before reselling it.

On November 17, 2010, Cook was charged in a one-count indictment with possession of body armor by a violent felon in violation of 18 U.S.C. § 931. Cook moved to dismiss the indictment, arguing that § 931 is unconstitutional because it exceeds Congress's power under the Commerce Clause. The District Court denied the motion and the case proceeded to trial. Following trial, the jury found Cook guilty and the District Court sentenced him to a term of imprisonment of six months. Cook timely appealed, arguing only that the District Court erred in finding § 931 constitutional and denying his motion to dismiss the indictment.

## II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over a constitutional challenge to a criminal statute. *United States v. Pendleton*, 658 F.3d 299, 305 (3d Cir. 2011).

## III.

Cook "concede[s] that his Commerce Clause argument is foreclosed in this Court," and he raises the argument solely for the purpose of preserving the issue for further review. (Appellant's Br. at 6-7.) We agree with Cook that his constitutional argument is foreclosed by binding precedent of both this Court and the Supreme Court of the United States.

## A.

Section 931 makes it unlawful for any person previously convicted of a felony crime of violence "to purchase, own, or possess body armor." 18 U.S.C. § 931(a). "Body armor" is defined to mean "*any product sold or offered for sale, in interstate or foreign commerce*, as personal protective body covering intended to protect against gunfire." 18 U.S.C. § 921(a)(35) (emphasis supplied). The question in this case is whether the requirement that the body armor be sold in interstate commerce is sufficient to bring the statute within the scope of the federal commerce power. Neither this Court nor the Supreme Court has directly addressed this question as it pertains to the body armor statute. Courts have, however, considered the question in the closely analogous context of the statute prohibiting felons from possessing firearms, 18 U.S.C. § 922(g).

Section 922(g) makes it a crime for a felon "to possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." In *Scarborough v. United*

3

*States*, the Supreme Court interpreted the predecessor statute to § 922(g), and held that proof that a "possessed firearm previously traveled in interstate commerce is sufficient to satisfy the statutorily required nexus between the possession of a firearm by a convicted felon and commerce." 431 U.S. 563, 564 (1977).

Relying in part on *Scarborough*, we have consistently held that § 922(g)'s jurisdictional hook is sufficient to bring § 922(g) within the ambit of Congress's commerce powers. We have thus rejected constitutional challenges to § 922(g) essentially identical to the challenge raised here against § 931. *See United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001) (rejecting a Commerce Clause challenge to § 922(g) and concluding that "the proof in this case that the gun had traveled in interstate commerce, at some time in the past, was sufficient to satisfy the interstate commerce element"); *United States v. Gateward*, 84 F.3d 670, 671 (3d Cir. 1996) ("[T]he jurisdictional element 'in or affecting commerce' keeps the felon firearm law well inside the constitutional fringes of the Commerce Clause."); *United States v. Leuschen*, 395 F.3d 155, 161 (3d Cir. 2005) (stating that we have held that the jurisdictional element of § 922(g) "places it within the ambit of Congress' Commerce Clause powers" and noting that "[t]his Court has previously declined the opportunity for en banc review of facial challenges to the constitutionality of § 922(g)(1)").

## B.

Cook agrees that "[b]ecause no principled argument can distinguish the

4

jurisdictional element in 18 U.S.C. § 931 from the jurisdictional element in 18 U.S.C. § 922(g)(1), *Singletary* controls here." (Appellant's Br. at 7). Indeed, our two sister circuits that have considered a Commerce Clause challenge to the body armor statute have both rejected such a challenge, concluding that § 931 is constitutionally indistinguishable from § 922(g). *United States v. Patton*, 451 F.3d 615, 635 (10th Cir. 2006) ("The prohibition on possessing body armor cannot be distinguished from the prohibitions on possessing firearms that we have upheld."); *United States v. Alderman*, 565 F.3d 641, 648 (9th Cir. 2009) (upholding § 931 because "a nearly identical jurisdictional hook has been blessed by the Supreme Court.").

Because *Singletary* is controlling, the requirement that the body armor be sold in interstate commerce keeps the statute within the bounds of the Commerce Clause. Likewise, in Cook's case, the evidence that the ballistic vest travelled in interstate commerce before he purchased it is sufficient to support his conviction. The District Court, therefore, did not err in refusing to dismiss the indictment.

## IV.

For the foregoing reasons, we will affirm Cook's judgment of conviction.

5