NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2640
_____

UNITED STATES OF AMERICA

v.

ROBERT WARD,
Appellant
_____

On Appeal from United States District Court
for the District of Delaware
(D. DE. No. 1-13-cr-00040-001)
District Judge: Honorable Gregory M. Sleet
_____

Argued April 5, 2016
Before:  FISHER, RENDELL and BARRY, *Circuit Judges*.

(Filed: May 2, 2016 )

Daniel I. Siegel, Esq.  [ARGUED]
Office of Federal Public Defender
800 King Street, Suite 200
Wilmington, DE 19801

Lesley F. Wolf, Esq.  [ARGUED]
Office of United States Attorney
1007 North Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899

———————

OPINION[*]

———————

FISHER, *Circuit Judge*

Robert Ward conditionally pleaded guilty to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). The predicate felony for Ward's § 922(g)(1) charge was a Delaware drunk driving conviction. Before the district court, and now on appeal, Ward argued that his civil rights had been restored by operation of Del. Code tit. 11, § 4347(*i*) after he served his prison sentence for the drunk driving conviction. If his civil rights had been restored, the Delaware drunk driving conviction would not be a predicate offense for the federal firearms charge. Because we find that Del. Code tit. 11, § 4347(*i*) did not restore Ward's civil rights, we will affirm.

I

We write principally for the parties, who are familiar with the factual context and legal history of the case. Therefore, we set forth only those facts that are necessary to our analysis.

In 2000, Ward lost control of his car and crashed. He was drunk, and this incident was the last in a series of drunk driving and other arrests related to alcohol abuse. He pleaded guilty to a fourth offense of driving under the influence.

———————

[*]   This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Under Delaware law, this crime is a class E felony, punishable by imprisonment for minimum of two years to a maximum of five years. Ward was sentenced to two years in prison, with the sentence suspended after serving six months.

In 2013, federal agents interviewed Ward's adult daughter about eight handguns she had purchased in a six-month period. She explained that she purchased many of the guns for her father. The agents conducted a search of Ward's home and seized seven firearms, including several engraved with his initials, and thousands of rounds of ammunition. Ward told agents that he believed his right to possess firearms had been restored.

The government obtained an indictment of Ward for one count of possession of a firearm by a convicted felon. Ward moved to dismiss the indictment based on the contention that his civil rights had been restored, meaning that he was not prohibited from possessing firearms. The district court denied his motion. Ward entered into a conditional plea agreement under which he was permitted to appeal the denial of the motion to dismiss and could withdraw his guilty plea if the denial were reversed on appeal. The district court sentenced Ward to three years of probation and a $10,000 fine. Ward filed this appeal.

II[1]

Federal criminal law prohibits any person "who has been convicted in any court of … a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm in or affecting interstate commerce.[2] But this prohibition does not apply to a felon whose "civil rights" have been restored.[3] The statute does not define "civil rights." We have interpreted it to mean the "core" rights to vote, to hold public office, and to sit on a jury.[4] All lost core civil rights must be restored in order for the exception to apply—restoration of two out of three does not suffice.[5]

Ward asserts that his civil rights were restored after his recidivist drunk driving conviction. We must examine the law of the convicting jurisdiction, Delaware, to determine whether Ward's civil rights were restored.[6] Ward and the government agree that Ward never lost his right to hold public office and that his right to vote was restored automatically after completion of his sentence. The

---

1. The district court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291. This appeal raises issues of statutory interpretation over which we exercise plenary review. *United States v. Leuschen*, 395 F.3d 155, 157 (3d Cir. 2005).

2. 18 U.S.C. § 922(g)(1).

3. 18 U.S.C. § 921(a)(20).

4. *Leuschen*, 395 F.3d at 159.

5. *Id.* at 160.

6. *Id.* at 159.

4

determinative issue in this appeal is whether Ward's right to serve on a jury was restored.

Under Delaware law, Ward lost his right to serve on a jury when he was convicted of the drunk driving felony.[7] Ward argues that his right to serve on a jury was restored when his custodial sentence ended. He relies on one sentence in one section of the Delaware parole statute, which states that "the discharge of a person who has served person's term of imprisonment … shall have the effect of restoring all civil rights lost by operation of law upon commitment."[8] Ward's reliance on this sentence is misplaced for two reasons. The parole statute does not apply to him, and even if it did, § 4347(*i*) did not restore his right to serve on a jury.

Delaware's parole statute does not apply to Ward. In 1989, Delaware revised its sentencing regime and abolished parole for crimes committed on or after June 30, 1990.[9] The revised statute provides that "[n]o sentence imposed pursuant to the provisions of the Truth and Sentencing Act of 1989 … shall be subject to parole under the provisions of th[e parole] subchapter."[10] Since Ward's drunk driving offense was committed after the effective date of this statute, the statute explicitly precludes Ward's argument that a provision in § 4347, which is part of the parole subchapter of the Delaware code, applies to him.

---

7.  Del. Code tit. 10, § 4509(b)(6).

8.  Del. Code tit. 11, § 4347(*i*).

9.  *See* Del. Code tit. 11, §§ 4216(d), 4354.

10. Del. Code tit. 11, § 4354.

Even if the parole statute applied to Ward, § 4347(*i*) did not restore Ward's right to serve on a jury. Section 4347(*i*) refers to rights "lost by operation of law upon commitment." These rights are restored when a person is discharged from parole or completes his or her sentence of incarceration. Ward's right to serve on a jury was not "lost by operation of law upon commitment." It was lost by operation of law upon *conviction*.[11] Under a plain reading of the jury-service statute, the disqualification occurs when the felon is convicted—regardless of whether he or she is sentenced to imprisonment. Under the reading of the statute espoused by Ward, a felon who completed a sentence of imprisonment would automatically regain the right to serve on a jury, but a felon who did not receive a custodial sentence would not regain this right—a bizarre situation. Moreover, as the district court aptly noted, it is implausible "that the Delaware legislature would bury a sweeping, massively important provision with the effect of restoring *all* civil rights for *all* convicted felons within a lengthy, several-decades-old parole statute."[12] We reject Ward's interpretation of § 4347(*i*) and find that it did not restore his right to serve on a jury.

### III

Ward did not regain his right to serve on a jury by operation of Del. Code tit. 11, § 4347(*i*) and therefore remains prohibited from possessing firearms under 18

---

11. Del. Code tit. 10, § 4509(b)(6) (barring convicted felons "who have not had their civil rights restored" from jury service).

12. App. 11–12.

U.S.C. § 922(g)(1). He raised no other challenges on appeal.  For these reasons, we will affirm the judgment of the district court.